UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
:
JALANDHER BANDARI,                                : 24 Civ. 2967 (JHR) (GS)
:
                           Plaintiff,    : ORDER
:
       - against -                          :
:
QED CONNECT, INC., NANNY KATHARINA   :
BAHNSEN, and DAVID RUMBOLD,          :
:
                         Defendants.  :
:
------------------------------------------------------------------------X

**GARY STEIN, United States Magistrate Judge:**

       By his submission dated July 25, 2024, *pro se* Plaintiff Jalandher Bandari moves for an order permitting alternative service on Defendant Nanny Katharina Bahnsen ("Bahnsen") via postal mail to her address in Medellin, Colombia.  (Dkt. No. 30).  Plaintiff's motion is **DENIED** as moot for the reasons below and the Clerk of Court is respectfully directed to issue a certificate of default as to Bahnsen.

       By way of background, on April 17, 2024, Plaintiff initiated this action for securities fraud against Bahnsen; QED Connect, Inc. ("QED"), a New York "pink sheets" corporation of which Bahnsen is the CEO; and David Rumbold ("Rumbold"), a QED note holder residing in Wyoming, Illinois.  (Compl. (Dkt. No. 1) ¶¶ 4, 6, 8).  Plaintiff submitted affidavits of service for all three Defendants on May 22, 2024.  (Dkt. Nos. 12–14).  According to the affidavits, QED and Rumbold were both served within the United States via hand delivery (*see* Dkt. Nos. 12 & 14), while the Complaint and summons were sent to Bahnsen at her address in Colombia via UPS mail (Dkt. No. 13).  Attached to the affidavit of service for Bahnsen is a document with the UPS

1

tracking number and a notation stating the shipment was received by Bahnsen on May 9, 2024. (Dkt. No. 13).

As none of the Defendants have appeared in this action or answered Plaintiff's Complaint to date, on June 21, 2024, Plaintiff requested the Clerk issue certificates of default as to each Defendant. (Dkt. Nos. 22, 23, 25, 26, 28, 29). The Clerk issued certificates of default as to QED and Rumbold. (Dkt. Nos. 24 & 27). However, after consulting with the undersigned, the Clerk declined to issue a certificate of default as to Bahnsen because "service was not properly effectuated; there is no order giving permission for alternate service (mail)." (*See* Dkt. Entry dated June 28, 2024). Thereafter, Plaintiff filed the instant motion for alternative service. (Dkt. No. 30).

Upon further review of the applicable law, it is evident that the Court need not authorize alternative service of Bahnsen, as service was properly effected upon her originally under Federal Rule of Civil Procedure 4(f)(1). Service may be made on an individual in a foreign country under Rule 4(f)(1) "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents" (the "Hague Convention"). Article 10(a) of the Hague Convention "authorizes the use of 'postal channels' to effectuate service on an international litigant" under the "[c]lear precedent of this Circuit." *Zamora v. JP Morgan Chase Bank, N.A.*, No. 14 Civ. 5344 (WHP) (SN), 2017 WL 2954680, at *3 (S.D.N.Y. June 21, 2017) (quoting Art. 10(a) of the Hague Convention), *R&R adopted*, 2017 WL 2937683 (S.D.N.Y. July 10, 2017).

Colombia is a signatory to the Hague Convention[1] and has not objected to Article 10(a).

---

[1] *See Zamora*, 2017 WL 2954680, at *1; *Status Table: Hague Convention*, available at https://www.hcch net/en/instruments/conventions/status-table/?cid=17.

*See, e.g.*, *Zamora*, 2017 WL 2954680, at *3 ("Colombia has not objected to the use of 'postal channels' under Article 10(a)"); *State Farm Mut. Auto. Ins. Co. v. LaRocca*, No. 8:21 Civ. 2536 (SCB) (AEP), 2022 WL 19561965, at *2 (M.D. Fla. July 15, 2022) ("Because Colombia does not oppose Article 10(A), it does not oppose service of judicial documents by postal channel."). Accordingly, courts have found service by mail on defendants in Colombia to be sufficient. *See, e.g.*, *Zamora*, 2017 WL 2954680, at *3 (holding "service has been effected in satisfaction of Article 10(a)" where plaintiff used certified mail to send summonses and complaint to defendants' addresses in Colombia); *Evergreen Shipping Agency (Am.) Corp. v. Glob. Shipping Agencies*, No. Civ. 19-4958, 2019 WL 5901506, at *2 (D.N.J. Nov. 12, 2019) (finding plaintiff effected service by sending "the summons and Amended Complaint to Defendants at their principal place of business in Medellin, Colombia via DHL").

      The same conclusion is warranted here. The affidavit submitted by Plaintiff states the summons and Complaint were mailed to Bahnsen at her Colombia address, includes a UPS tracking number, and confirms Bahnsen received the mailing. (Dkt. No. 13). That is sufficient to show Bahnsen was properly served in this action under Rule 4(f)(1) and Article 10(a) of the Hague Convention. And while court approval of *alternative* service is necessary under Rule 4(f)(3), service may be effected under Rule 4(f)(1) without court intervention. *See, e.g.*, *Wood v. Carl's*, No. 2:20 Civ. 2329 (APG) (BNW), 2021 WL 4851090, at *1 (D. Nev. May 5, 2021) ("Plaintiff's motion seeks authorization to effect service upon [defendant] under Rule 4(f)(1). However, no such authorization is required."); *Reintegrative Therapy Ass'n, Inc. v. Kinitz*, No. 3:21 Civ. 1297 (BEN) (BLM), 2021 WL 5140195, at *4 (S.D. Cal. Nov. 4, 2021) ("under the Hague Convention, a party may serve documents in several ways that would not require a court order under Rule 4(f)(1) because they are authorized by international agreement").

Accordingly, Plaintiff's service of Bahnsen under Rule 4(f)(1) obviates the need for him to move for alternative service under Rule 4(f)(3). Plaintiff's motion (Dkt. No. 30) is therefore **DENIED** as moot. The Clerk is directed to issue a certificate of default as to Bahnsen for the reasons stated above, provided Plaintiff's pending application is otherwise proper. (*See* Dkt. Nos. 28 & 29).

**SO ORDERED.**

DATED:   New York, New York
         October 2, 2024

_____
The Honorable Gary Stein
United States Magistrate Judge