UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JALANDHER BANDARI,
Plaintiff,

-v.-

QED CONNECT, INC., et al.,
Defendants.

24 Civ. 2967 (JHR) (GS)

ORDER ADOPTING REPORT AND RECOMMENDATION

JENNIFER H. REARDEN, District Judge:

On April 17, 2024, Plaintiff, proceeding *pro se*, brought this action against QED Connect, Inc. ("QED"), Nanny Katharina Bahnsen ("Bahnsen"), and David Rumbold ("Rumbold") alleging securities fraud under Section 10b-5 of the Securities Exchange Act of 1934, 15 U.S.C. § 78a *et seq*, and other related causes of action. ECF No. 1. Before the Court is the Report and Recommendation of Magistrate Judge Gary Stein, ECF No. 56, recommending that Plaintiff's motion for a default judgment be granted in part and denied in part. *Id*. The Court has examined the Report and Recommendation and notes that no objections have been filed. For the reasons set forth below, the Court finds no clear error in the Report and Recommendation and adopts Judge Stein's recommendation.

**BACKGROUND**[1]

Plaintiff filed his Complaint April 17, 2024. ECF No. 1. On April 19, 2024, the Honorable Laura Taylor Swain, to whom this case was originally assigned, issued an order directing Plaintiff to pay the filing fees or submit an application to proceed *in forma pauperis*. ECF No. 3. Plaintiff paid the fees on April 23, 2024. The case was then reassigned to this Court.

[1] Familiarity with the facts, which are set forth in detail in the Report and Recommendation, is assumed. *See* ECF No. 56.

On April 29, 2024, the Court referred the case to the designated magistrate judge for general pretrial purposes and for reports and recommendations on dispositive motions.[2] ECF No. 9.

Defendant Bahnsen was served with process on May 9, 2024. ECF No. 13. Her deadline to respond to the Complaint was therefore May 30, 2024. *Id.*; *see also* Fed. R. Civ. P. 12(a)(1)(A)(i) ("A defendant must serve an answer . . . within 21 days after being served with the summons and complaint."). Defendant QED was served with process on May 13, 2024, ECF No. 14, and Defendant Rumbold was served with process on May 14, 2024, ECF No. 12. Their answers were therefore due on June 3, 2024 and June 4, 2024, respectively.

After Defendants failed to respond, upon Plaintiff's application, ECF Nos. 22-23, 25-26, the Clerk of Court issued certificates of default as to Defendants QED and Rumbold on June 21, 2024, ECF Nos. 24, 27. That same day, Plaintiff applied for a certificate of default against Defendant Bahnsen. ECF Nos. 28, 29. On June 28, 2024, the Clerk of Court rejected that application, noting that "service [had] not [been] properly effectuated" and that there was "no order giving permission for alternate service (mail)."

On July 25, 2024, Plaintiff moved for alternative service on Defendant Bahnsen on the ground that she was "from Col[o]mbia, out of the country (USA)," and "request[ed leave] to . . . serv[e]" "by [] mailing [] copies [of the Summons and Complaint]." ECF No. 30. On October 2, 2024, Judge Stein denied Plaintiff's motion as moot because "[t]he affidavit submitted by Plaintiff state[d] the summons and Complaint were mailed to Bahnsen at her Colombia address," which was "sufficient to show [Defendant] Bahnsen was properly served in this action under Rule 4(f)(1) and Article 10(a) of the Hague Convention." ECF No. 31 at 3. Judge Stein directed the Clerk "to

[2] Magistrate Judge Robert W. Lehrburger was initially designated. The case was redesignated to Judge Stein on April 30, 2024.

issue a certificate of default as to [Defendant] Bahnsen," *id.* at 4, and on October 3, 2024, the Court issued the certificate of default, ECF No. 32.

On December 18, 2024, Plaintiff moved for a default judgment against Defendants. ECF No. 41. The docket reflects service of the motion papers on all three Defendants. ECF Nos. 38-40. On May 30, 2025, Judge Stein scheduled an inquest hearing for July 11, 2025. ECF No. 45. The Order stated that "Defendants sh[ould] submit responses to Plaintiff's submissions, if any, by no later than June 30, 2025" and "should indicate whether they are requesting an in-court hearing on the matter of damages by the above deadline." ECF No. 45 (May 30, 2025 Scheduling Order) at 2. Judge Stein further directed Plaintiff to serve the Order on Defendants by June 9, 2025. *Id.* On June 2, 2025, Plaintiff informed the Court that he would first need to send the Order to the "respective Sheriff[']s Offices," which "would take considerable time," and asked for a one-week extension to complete service. ECF No. 46. Judge Stein extended the deadline to June 16, 2025. ECF No. 47. On July 8, 2025, Judge Stein cancelled the hearing, "as none of the parties ha[d] requested an in-court hearing in response to the Court's May 30, 2025 Scheduling Order." ECF No. 54.

On August 29, 2025, Judge Stein issued a 38-page Report and Recommendation recommending that:

> (1) judgment be entered against Defendant QED Connect, Inc. on Plaintiff's claims for securities fraud, common law fraud, and breach of contract; (2) judgment be entered against Defendant Nanny Katharina Bahnsen on Plaintiff's claims for securities fraud and common law fraud; (3) the remaining claims against QED and Bahnsen be dismissed; and (4) all claims against Defendant David Rumbold be dismissed.

ECF No. 56 at 37-38. Judge Stein "defer[red] a ruling on the appropriate relief against Defendants QED and Bahnsen," given "Plaintiff's request for a hearing with respect to the relief he is seeking [] and the nature of the issues raised by his requested relief." *Id.* at 38. The Report and Recommendation notified the parties that they had "fourteen (14) days . . . to file written objections." *Id*. at 38. The Report and Recommendation also cautioned that "failure to file timely objections w[ould] preclude appellate review." *Id*. No objections have been filed, nor has any extension of time to file objections been requested.

**DISCUSSION**

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also Oparaji v. Home Retention Corp*., No. 24-1444, 2025 WL 1901297, at *2 (2d Cir. July 10, 2025) (summary order). With respect to those portions of the report as to which no timely objection has been made, however, a district court need only satisfy itself that no clear error on the face of the record exists. *See, e.g.*, *Marky's Martial Arts, Inc. v. FC Online Marketing, Inc*., No. 19 Civ. 03363 (ALC) (VF), 2023 WL 171401, at *1 (S.D.N.Y. Jan. 12, 2023). A report and recommendation "is clearly erroneous if the reviewing court is 'left with the definite and firm conviction that a mistake has been committed.'" *Nazon v. Time Equities, Inc*., No. 21 Civ. 8680 (AT) (SLC), 2023 WL 1516905, at *1 (S.D.N.Y. Feb. 3, 2023) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)), *appeal withdrawn*, No. 23-259, 2023 WL 5570818 (2d Cir. July 12, 2023).

Notwithstanding a direct warning that a failure to file objections would "result in a waiver of objections," ECF No. 56 at 38, the parties did not file any objections to the Report and Recommendation. Thus, the clear-error standard is appropriate. Having carefully reviewed the

Report and Recommendation, the Court finds no such error. The Report and Recommendation is "well-reasoned and grounded in fact and law." *See, e.g.*, *Fredricks v. Desrochas*, No. 21 Civ. 8389 (JGLC) (SLC), 2025 WL 1018870, at *1 (S.D.N.Y. Apr. 4, 2025). Accordingly, the Report and Recommendation is adopted in its entirety.

For the foregoing reasons, Judge Stein's Report and Recommendation is ADOPTED in its entirety. Specifically, the Court hereby adopts Judge Stein's recommendations that "(1) judgment be entered against Defendant QED Connect, Inc. on Plaintiff's claims for securities fraud, common law fraud, and breach of contract; (2) judgment be entered against Defendant Nanny Katharina Bahnsen on Plaintiff's claims for securities fraud and common law fraud; (3) the remaining claims against QED and Bahnsen be dismissed; and (4) all claims against Defendant David Rumbold be dismissed." ECF No. 56 at 37-38. As Judge Stein "defer[red] a ruling on the appropriate relief against Defendants QED and Bahnsen," ECF No. 56 at 38, by separate Order, the Court will refer this case back to Judge Stein for an inquest.

The Clerk of Court is directed to terminate ECF Nos. 41, 56.

SO ORDERED.

Dated: September 22, 2026
New York, New York

Jennifer H. Rearden
JENNIFER H. REARDEN
United States District Judge